**GRIMES v. CARGILL et al.**

Nos. 3891, 3946.

United States Court of Appeals
Tenth Circuit.

Nov. 4, 1949.

Harlan E. Grimes, pro se.

John Barry, V. P. Crowe, Oklahoma City, Okl., and Lawrence Jones, Bristow, Okl., for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Harlan E. Grimes, instituted the action in Number 3891 in the United States District Court for the Northern District of Oklahoma against Streeter Speakman, O. A. Cargill, John Barry, William L. Murphy, C. O. Beaver, A. W. Coffield, Eunice Coffield, and Floyd D. Coffield. The complaint, in substance, alleged that Speakman, Cargill, Barry and Murphy were attorneys; that C. O. Beaver was the District Judge of the District Court of Creek County, Oklahoma; and that the Coffields were residents of Drumright, Creek County, Oklahoma. It alleged that plaintiff was employed by Fred A. Speakman of the firm of Speakman and Speakman,[1] and their clients, the Coffields, under an oral contract to prepare for filing and

---

1. The firm of Speakman and Speakman was composed of Fred A. Speakman, now deceased, and Streeter Speakman.

assist in the prosecution of an action for damages against T. E. Braniff and others; that according to the terms of the oral contract plaintiff and B. M. Parmenter, an attorney with whom he was associated, were to receive 50% of the total attorneys' fees recovered by reason of said action; that Speakman told plaintiff his firm's contract with the Coffields was for a fee of 25% of the total recovery, whereas, in fact it was for 50% of any amount recovered. The complaint further alleged the services performed by plaintiff pursuant to such contract; that a conspiracy was entered into thereafter by all of the defendants, including the District Judge, to cheat, swindle and defraud him of any compensation for his services so rendered, and to deprive him of such compensation for these services without due process of law and in violation of due process of law. It alleged that in pursuance of such conspiracy Speakman was discharged by the Coffields as their attorneys; that Cargill, Barry, and Murphy were employed to carry on the litigation, and did carry it on to its conclusion, and that it resulted in a substantial judgment, the amount of which is not involved nor necessary to state. The complaint contained allegations to the effect that plaintiff was denied the right to participate in the trial and was not kept advised of the progress thereof; that plaintiff's share of the fee recovered was $45,-000, for which judgment was prayed against all the defendants, together with interest at 6%. In a second count, plaintiff sought to recover exemplary damages in the amount of $100,000. The action was dismissed against Speakman, without prejudice, at plaintiff's request, and upon motion, the cause of action was dismissed by the trial court as against all of the remaining defendants, and this appeal followed.

Case Number 3946 was filed for the sole purpose of removing any question as to the finality of the court's action in dismissing the complaint in Number 3891, and no further reference will be made to that case.

It seems to be conceded that Grimes prepared the complaint in the action filed against Braniff and had his name entered thereon as an attorney, with a notation that he claimed an attorney's lien, and sent this petition to Speakman to be filed, and that it was filed in the action against Braniff. It is also without dispute that after this complaint was filed and while the case was pending, Speakman was discharged and O. A. Cargill, John Barry, and William L. Murphy were employed to represent the Coffields and prosecuted the action to completion. It is also clear from the record that appellant was notified of this action; that he had no further connection with the case; that thereafter the plaintiffs in the action against Braniff filed an oral application in the State District Court to have plaintiff's name stricken from the records as one of their attorneys; that this motion came on for hearing on the 13th day of June, 1941, upon notice which had been given to plaintiff. On the 13th day of June, 1941, the trial judge found that appellant never had any contractual relation with the plaintiffs, was never employed by them as attorney, that he did not represent them as an attorney, and that his name should be stricken. An order was entered striking his name from the records in said cause as an attorney for plaintiffs. Thereafter, on June 14, 1941, appellant filed in the Clerk's office a reassertion of his attorney's lien. A motion was filed to strike the reassertion of the attorney's lien. This motion was heard on the 13th day of November, 1941. The court found that Grimes had been duly notified of the time and place of the hearing on said motion and an order was entered striking the reassertion of the attorney's lien from the record. Thereafter on March 4, 1948, an application was filed to strike Grimes' name entered on the appearance docket, and for a further order restraining him from asserting a claim for fees. An order was entered setting the application for hearing on March 15, 1948. On that date, the trial court entered an order finding that appellant had not been employed as an attorney, had no claim against anyone connected with the case, and enjoined him from ever asserting a

claim against the Coffields or any other party connected with the case.

The trial court based its conclusion that the complaint failed to state a cause of action on the ground that plaintiff's right to an attorney's fee and his right to a lien on the judgment had been litigated and adjudicated in the State cause of action; that such action constituted res judicata and that he, therefore, was not entitled to any recovery.

Numerous grounds are assigned for reversal, only one of which need be noted. Appellant urges that the State district court was without jurisdiction to adjudicate his right to a lien for attorney's fees and that, therefore, its judgment that he had no claim against the Coffields nor any of the other defendants, that he had no lien for attorney's fees, and its judgment striking his assertion of such a lien and his name as an attorney for plaintiffs from the records, was void. Appellant's exact position with respect to this contention is somewhat confusing. Thus, he asserts that the order of June 13, 1941, was void because the notice of the hearing gave the time as June 12, 1941. But assuming, without deciding, that he is correct in this, that would not affect the judgment of the court entered on the 13th day of November, 1941, nor the order of March 15, 1948, again striking his asserted lien, adjudicating that he had no claim against the Coffields nor any of the defendants for attorney's fees, and enjoining him from asserting such a claim. His other contentions why the court on these subsequent dates lacked jurisdiction to adjudicate the matter are without substance and will not be discussed in detail.

The trial court based its conclusion that the judgment in the State Court action was res judicata of all of the issues presented in this action upon the decision of the Supreme Court of Oklahoma in Opperud v. Bussey, 172 Okl. 625, 46 P.2d 319. The question in the Opperud case was whether the District Court had jurisdiction to adjudicate the claim of an attorney's fee asserted by an attorney's lien and to strike the lien from the records. The facts are indistinguishable in principle from the

facts in this case. The Supreme Court held that: "When an entry of an attorneys' lien claim is made on the records of a cause and notice of such asserted lien is served on opposing counsel and filed therein, the court has jurisdiction to hear and determine a motion to strike and cancel the same, filed in the same cause."

This pronouncement by the Supreme Court of Oklahoma is binding upon us in this case. The various motions to strike the asserted attorney's lien brought into focus appellant's right to an attorney's fee. The State trial court decreed that he had no right to an attorney's fee and struck the asserted lien from the records of the court. When appellant failed to appeal from that judgment, it became final and is now res judicata of all issues sought to be presented in this case.

Affirmed.